UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED
2019 JAN 15 P 2: 47
STEPHEN C. DRIES
CLERK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHRISTOPHER KUBIAK,

    Defendant.

Case No. 19-CR- 19-CR-08
[18 U.S.C. § 1341 & 1343]

## INDICTMENT

**THE GRAND JURY CHARGES:**

1. Beginning by at least May 2013 and continuing thereafter until August 2018, the exact dates being unknown to the grand jury, in the State and Eastern District of Wisconsin, and elsewhere,

**CHRISTOPHER KUBIAK**

knowingly and with intent to defraud, devised and executed a scheme to defraud elderly investor and tax clients, including E. S., A. S., W. C., J. J., E. B., and R. B., and to obtain money from said clients by means of material false and fraudulent pretenses and representations (the "scheme"), which scheme is more fully described below.

2. As relevant to this indictment:

    (a) Christopher Kubiak was a resident of Milwaukee, Wisconsin.

    (b) From February 1989 to July 2017, Kubiak was registered with Freedom Investors Corp., as a General Securities Representative (GSR), and worked from an office in Brookfield, Wisconsin.

1

(c) From July 17, 2017, until October 1, 2018, Kubiak was registered with Calton & Associates, Inc., as a GSR and an Investments Company and Variable Products Representative, and worked from an office in Brookfield, Wisconsin.

(d) From at least 2008 until October 2018, Kubiak also held himself out to be an authorized income tax return preparer.

(e) During his employment with Freedom Investors Corp. and Calton & Associates, Inc., Kubiak assisted his clients with various types of investment transactions at companies offering Annuity, IRA, and Life Insurance products including, but not limited to, Fidelity, Voya, American Funds, and Jackson National Life Insurance Company.

(f) Acting as a tax return preparer, Kubiak also prepared federal and state income tax returns for a number of the same elderly clients for whom he served as a financial advisor.

## The Scheme

3. Kubiak's scheme to defraud and obtain money by means of materially false and fraudulent pretenses and representations was essentially as follows:

(a) Kubiak contacted associates at various investment companies and arranged to have funds withdrawn from his clients' investment accounts at those companies.

(b) On some occasions, Kubiak falsely stated to the associate that he was, in fact, the client calling to request a withdrawal from, or liquidation of, an account.

(c) On other occasions, Kubiak stated to the associate that he was the financial representative of the client and falsely stated that he was requesting a withdrawal or liquidation for the client.

(d) Kubiak directed the fraudulently withdrawn and liquidated funds to be remitted directly to the client, either in the form of a check mailed to the client's home address, or in the form of an Automated Clearing House (ACH) wire transfer to the client's checking account.

(e) Kubiak falsely told the affected clients that the withdrawn funds represented legitimate payments such as distributions or monetary bonus incentives, and falsely represented that he would reinvest the funds for the clients.

(f) Kubiak then directed the clients to write personal checks payable to him. Sometimes he requested checks in the approximate amount of the withdrawn investment funds. Other times he requested blank checks, which he would later fill in with a monetary amount.

(g) Instead of reinvesting the funds, as he had promised, Kubiak endorsed the clients' checks and negotiated them through his personal checking account at Guaranty Bank, usually taking a portion of the funds in cash and depositing the balance into his personal account.

(h) Kubiak never invested any portion of the client funds as he had promised.

(i) In addition to falsely soliciting checks for purported investment purposes, Kubiak sometimes asked clients to issue checks that he falsely represented were for income tax payments, but which he in fact deposited into his personal account at Guaranty Bank.

3

4. As a result of his scheme, Kubiak fraudulently obtained in excess of $370,000 from elderly clients, which he used for gambling and for personal expenses.

## WIRE FRAUD COUNTS

## COUNTS ONE THROUGH THREE

**THE GRAND JURY FURTHER CHARGES:**

5. On or about the dates set forth below, in the State and Eastern District of Wisconsin and elsewhere,

**CHRISTOPHER KUBIAK,**

for the purpose of executing the above-described scheme, did knowingly cause to be transmitted in interstate commerce by means of Automated Clearing House (ACH) wire, the fraudulent transfer of investor funds as follows:

| Count | Date | Description of ACH wire transfer |
|---|---|---|
| One | 11/2/15 | Funds in the amount of $4,502.24, from the liquidation of a Fidelity investment account owned by E.S., wired from the bank account of Fidelity Investments at Bank of America in Henrico, Virginia, to the bank account of E.S. at Citizen's Bank in Mukwonago, Wisconsin. |
| Two | 11/13/15 | Funds in the amount of $4,998.75, withdrawn from a Fidelity investment account owned by E.S., wired from the bank account of Fidelity Investments at Bank of America in Henrico, Virginia, to the account of E.S. at Citizen's Bank in Mukwonago, Wisconsin. |
| Three | 11/15/18 | Funds in the amount of $4,680, from the liquidation of a Fidelity account owned by E.S., wired from the bank account of Fidelity Investments at Bank of America in Henrico, Virginia, to the account of E.S. at Citizen's Bank in Mukwonago, Wisconsin. |

All in violation of Title 18, United States Code, Section 1343.

## MAIL FRAUD COUNTS

## COUNTS FOUR THROUGH SEVEN

### THE GRAND JURY FURTHER CHARGES:

6. On or about the dates set forth below, in the State and Eastern District of Wisconsin and elsewhere,

### CHRISTOPHER KUBIAK,

for the purpose of executing the above-described scheme, did knowingly cause to be delivered by the United States Postal Service the following mail matter:

| Count | Date | Description of mail |
|---|---|---|
| Four | 7/17/17 | An envelope containing check #4822819, drawn on the account of Fidelity Investments at the Bank of America, and representing the full liquidation of a Fidelity Investment account owned by W.C., addressed and sent to W.C. at his home in Franklin, Wisconsin. |
| Five | 1/5/18 | An envelope containing check # 4896724 & check #4897401, drawn on the account of Fidelity Investments at the Bank of America, and representing the full liquidation of two Fidelity Investment accounts owned by W.C., addressed and sent to W.C. at his home in Franklin, Wisconsin |
| Six | 5/16/18 | An envelope containing check # 4951348, drawn on the account of Fidelity Investments at the Bank of America, and representing the full liquidation of a Fidelity Investment account owned by W.C., addressed and sent to W.C. at his home in Franklin, Wisconsin |
| Seven | 5/24/18 | An envelope containing check #4954464, check #4954455, & check #4954766, drawn on the account of Fidelity Investments at the Bank of America, and representing the full liquidation of three Fidelity Investment accounts owned by W.C., addressed and sent to W.C. at his home in Franklin, Wisconsin |

All in violation of Title 18, United States Code, Section 1341.

## Forfeiture Notice

7. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 1341 and 1343, set forth in Counts One through Seven of this Indictment, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense of offenses of conviction. The property to be forfeited includes, but is not limited to, a sum of money equal to the proceeds derived from the offense or offenses of conviction.

8. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL:

FOREPERSON  1-15-19

MATTHEW D. KRUEGER
United States Attorney

6

Case 2:19-cr-00008-PP   Filed 01/15/19   Page 6 of 6   Document 1