**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**

                                          **Case No.:     19-CR-8**

**CHRIS KUBIAK,**

        **Defendant.**

---

### DEFENDANT'S SENTENCING MEMORANDUM

---

The Defendant, Chris Kubiak, and his attorney, Jonathan A. LaVoy, Kim & LaVoy, S.C., submit the following sentencing memorandum in support of a recommendation for a sentence below the advisory guideline range pursuant to the sentencing factors in 18 U.S.C. § 3553(a). Specifically, the Defendant is asking the court to impose 24 months imprisonment followed by 3 years of supervised release.

### **INTRODUCTION**

On February 1, 2019, the Defendant appeared in Court on an Indictment charging three counts of Wire Fraud and four counts of Mail Fraud. The Defendant was released on a personal recognizance bond with conditions. The Defendant has been compliant with all bond conditions. On May 8, 2019, the Defendant entered a plea to Count 2 of the Indictment, Wire Fraud, under a Plea Agreement dated May 8, 2019.

Pursuant to the plea agreement, the Defendant agreed to pay restitution in the amount of $379,977.00,

# ARGUMENT

The Court is required to consider all of the factors listed under 18 U.S.C. § 3553(a) when imposing a sentence that is "sufficient, but not greater than necessary, to comply with the purposes of paragraph (2) of this subsection." 18 U.S.C. § 3553(a).

### A. Nature of Offense

Mr. Kubiak recognizes the serious nature of this offense and has quickly accepted responsibility for his actions. He acknowledges that while he was acting as a financial advisor, he unlawfully and fraudulently withdrew and used client funds for his own personal use to support a severe gambling addiction. Although Mr. Kubiak has no prior criminal history and has no history of this type of behavior, his severe gambling addition resulted in Mr. Kubiak making a series of very poor choices resulting in significant harm to others. He understands his actions have substantially affected the victims in this case and he wishes to offer his sincerest apology and make amends for his behavior. Mr. Kubiak provided a letter of responsibility to the Court which outlines his position about his crime as well as his desire to pay restitution.

### B. Personal Characteristics

Mr. Kubiak is 60 years old and has no prior criminal or arrest history. He has been actively engaged in psychological treatment at Cornerstone Counseling Services since October of 2018. His counselor confirms that Mr. Kubiak has been cooperative and a willing and active participant in counseling sessions. Mr. Kubiak has avoided all gambling activities during the pendency of the investigation and prosecution and continues to attend counseling regularly.

Mr. Kubiak has substantially impacted his relationship with his wife, Kathleen Kubiak.

Mrs. Kubiak provided a statement to Ms. Jennifer Garsta in the PSR and also wrote a letter to the court. Although she is upset and devastated by her husband's actions, she remains supportive of her husband and points out his otherwise positive character traits.

Mr. Kubiak has been the subject of very adverse media coverage. After the initial plea hearing, a reporter and camera crew followed Mr. Kubiak out of the federal courthouse and the reporter put together a very scathing report which appears on the TMJ4 nightly news. This report caused significant embarrassment and shame for the Kubiak family and Mr. Kubiak regrets that his actions had this ripple effect on his family.

By all accounts, Mr. Kubiak is an outstanding father. His daughter Kristen and son, Alex, speak very highly of their dad's significant involvement in their lives. He was actively involved in coaching and was present and active during their entire upbringing. Many of Mr. Kubiak's friends and family discuss his faith and his substantial involvement in his church. He appears to be a person who has had a very positive impact on so many people. His family and friends are all in shock that he would engage in this type of behavior. It is likely that Mr. Kubiak will live a positive, pro-social lifestyle upon release from his incarceration.

### C. Provide the Defendant with Medical Care or Corrective Treatment.

Section 3553(a)(2)(D) requires the Court to consider the need for the sentence imposed to provide the Defendant with needed medical care, or other correctional treatment, in the most effective manner. Mr. Kubiak suffers from some significant health issues in his life as outlined in the PSR on page 12. Based on his current age along with his hypertension, heart issues, and Marfan Syndrome, time in prison will be exceedingly difficult for him physically and mentally. A shorter period of incarceration period would not unduly depreciate the seriousness

of the offense and would adequately consider his physical and mental condition.

### D. The Need for Deterrence and Protection of the public.

In fashioning a sentence, Sections 3553(a)(2)(B) and (C) require the Court to consider deterrence and protecting the public from further criminal activity. Mr. Kubiak has sought substantial treatment and has been compliant with the conditions of bond. The defense believes that risk to the public is low as his probation agent can adequately ensure that Mr. Kubiak does not hold an employment position that places him in a fiduciary capacity. Mr. Kubiak has lost all of his state and federal licenses related to the financial field and will never work in that capacity again. A term of incarceration under the guideline range followed by a term of supervised release would adequately address the sentencing goals including deterrence of others.

### **CONCLUSION**

Given all of the above factors, the Defendant respectfully requests the Court to impose 24 months imprisonment followed by 3 years of supervised release.

Dated at Wauwatosa, Wisconsin this 11th day of September, 2019.

By:

s/JONATHAN A. LAVOY
Jonathan A. LaVoy
State Bar Number: 1027608
Attorney for Defendant
Kim & LaVoy, S.C.
2360 N. 124th Street, Suite 200
Wauwatosa, WI 53226
Telephone: (414) 257-2100
Fax: (414) 257-2170
email: jlavoy@kimandlavoy.com